MATTER OF LALIAN

Application for Classification as Refugee

A-11567085

*Decided by Regional Commissioner February 6, 1967*

Refugee classification under the proviso to section 203(a)(7) of the Immigration and Nationality Act, as amended, is denied applicant, a native and citizen of Iran, for failure to establish, as claimed, that she fled from Iran in November 1957 when she came to the United States as a nonimmigrant visitor for pleasure from that country, since an intent to return to that country is evidenced by the numerous applications for and extensions of her temporary stay until June 1966 for the purpose of undergoing surgery, receiving further medical care and visiting her daughter, in addition to applying for and receiving extensions of her passport, as well as two new passports and extensions thereof, from the Iranian authorities.

This case is before the Regional Commissioner on certification of the decision of the District Director denying the applications for refugee status under the proviso to section 203(a)(7) and for adjustment of status under section 245 of the Immigration and Nationality Act, as amended.

The applicant is a citizen of Iran, a widow, born in Salmas, Iran in 1892. She was admitted to the United States November 22, 1957 as a visitor for pleasure until May 21, 1958 and was granted extensions of temporary stay in visitor status until June 11, 1966. On June 10, 1966 she applied for refugee classification and for adjustment of her immigration status to that of a permanent resident.

Section 203(a)(7) of the Immigration and Nationality Act, as amended provides:

(7) Conditional entries shall next be made available by the Attorney General, pursuant to such regulations as he may prescribe and in a number not to exceed 6 per centum of the number specified in section 201(a)(ii), to aliens who satisfy an Immigration and Naturalization Service officer at an examination in any non-Communist or non-Communist-dominated country, (A) that (i) because of persecution or fear of persecution on account of race, religion, or political opinion they have fled (1) from any Communist or Communist-dominated country or area, or (II) from any country within the general area of the Middle East, and (ii) are unable or unwilling to return to such country or area on account of

124

race, religion, or political opinion, and (iii) are not nationals of the countries or areas in which their application for conditional entry is made; or (B) that they are persons uprooted by catastrophic natural calamity as defined by the President who are unable to return to their usual place of abode. For the purpose of the foregoing the term "general area of the Middle East" means the area between and including (1) Libya on the west, (2) Turkey on the north, (3) Pakistan on the east, and (4) Saudi Arabia and Ethiopia on the south: PROVIDED, That immigrant visas in a number not exceeding one-half the number specified in this paragraph may be made available, in lieu of conditional entries of a like number, to such aliens who have been continuously physically present in the United States for a period of at least two years prior to application for adjustment of status.

The application for refugee classification sets forth that Mrs. Lalian fled from a Moslem country (Iran) on November 22, 1957 because it was impossible for her as a Christian to live there; and that she is unable or unwilling to return to Iran because there is no place for a Christian in that country. In an interview before an officer of this Service on June 24, 1966, she stated that she was taken to Turkey as an infant by her family; that she resided in Turkey until 1914; that from 1914 until 1935 she resided in Russia; and that in 1935 she returned to Iran where she lived until 1957 with her husband, who operated a bakery in Teheran, Iran. He is said to have suffered indignities in Iran which led to the sale of his business in Iran.

Iran is a country within the general area of the Middle East. The principle issue presented here is whether Mrs. Lalian meets the first requirement of section 203(a)(7) that she *fled* from Iran *because of persecution or fear of persecution on account of race, religion or political opinion.* (Emphasis supplied)

The applicant at the time of her admission to the United States was destined to her only child, a lawful resident alien, in Forest Hills, New York, where she has since remained. In her application of May 18, 1958 for her first extension of temporary stay she stated her home address was Chah Reza, Teheran, Iran; that she came to the United States for the purpose of undergoing surgery; that she wished the extension to undergo a surgical operation; and that she would depart from the United States on May 22, 1959 by KLM (plane). She applied every six months thereafter for further extensions of temporary stay. With the exception of the last such application, she stated in each that she was visiting her daughter; that she came to the United States for medical care; that she wished for extensions to undergo further medical care; and said she would depart from the United States at the expiration of the required extensions. These applications were supported generally by medical certificates. In her last application for an extension of temporary stay dated March 15, 1966, she stated she came to the United States to visit her daughter; that she would like to stay

until the christening of her two great grandchildren about June 1, 1966; and that she would depart from the United States by plane from New York on June 15, 1966.

The applicant traveled to the United States on an Iranian passport, number 436461, which was valid to April 9, 1959. Records of this Service show she obtained two or more revalidations of that passport, and that she obtained a second Iranian passport, number 526700, which was valid to January 29, 1962, and was revalidated at yearly intervals to September 29, 1965. She now has a third Iranian passport, number 692281, which was issued March 11, 1965 by the Consul General of Iran in New York City valid to March 11, 1966, and which was extended on October 1, 1965 by the same official in New York City until March 11, 1967. The latter document shows her domicile as Teheran, Iran.

The applicant's statements, repeated in her many applications for extensions of temporary stay, establish that she came to the United States temporarily for medical care and to visit her daughter and was to return to Iran upon the completion of her visit. Her applications to the Iranian authorities for Iranian passports and extensions thereof constitute further evidence that she was not fleeing (as required by Section 203(a)(7)) from Iran when she departed from that country, that she in fact departed from Iran with the intention of returning to that country, and that her change of intention in that regard was not made until many years after her departure from Iran.

After careful consideration of the entire record, including the representations submitted in the applicant's behalf on certification, we conclude that the evidence does not establish that the applicant fled from Iran because of persecution or fear of persecution on account of race, religion, or political opinion. Since she does not meet that requirement of the statute, the application for refugee classification will be denied on that ground. We need not pass upon the question of whether she is unwilling or unable to return to Iran on account of race, religion or political opinion. The applicant is not eligible for any other preference classification, and the non-preference category of the quota for Iran is reported by the Department of State to be oversubscribed. The application for adjustment of status under Section 245 must be denied on the ground that an immigrant visa is not immediately available to her as required under that section of the Act.

*It is ordered* that the applications for classification as a refugee under the proviso to section 203(a)(7) and for adjustment of status under section 245 of the Immigration and Nationality Act, as amended, be and the same are hereby denied.